**INTERNATIONAL CHEMICAL WORKERS UNION, LOCAL NO. 19, AFL-CIO, Plaintiff,**

v.

**JEFFERSON LAKE SULPHUR COMPANY, Defendant.**

**Civ. A. No. 13616.**

United States District Court
S. D. Texas,
Houston Division.
Aug. 1, 1961.

Dixie & Schulman, Marion C. Ladwig, Houston, Tex., for plaintiff.

Baker, Botts, Andrews & Shepherd, V. R. Burch, Jr., Houston, Tex., and Deutsch, Kerrigan & Stiles, Bernard Marcus, New Orleans, La., for defendant.

INGRAHAM, District Judge.

By this action plaintiff International Chemical Workers Union, Local No. 19, AFL–CIO (hereafter union) seeks to compel defendant Jefferson Lake Sulphur Company (hereafter company) to submit a grievance of a discharged or retired employee to arbitration under Section 301(a) of Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a), and their collective bargaining contract. Both move for summary judgment under Fed.Rule Civ.Proc. 56, 28 U.S.C.A.

Pertinent passages from their collective bargaining contract are as follows:

"Article II

"Grievance Procedure—Arbitration

\* \* \* \* \* \*

"2. Any employee or employees having a complaint or grievance in regards to any alleged violation of the terms of this agreement, shall first discuss the complaint or grievance with his or their immediate superior. If the complaint cannot be settled at this point, the employee or employees must \* \* \* (provisions for prearbitration procedures follow).

\* \* \* \* \* \*

"6. In the event any dispute or controversies arise during the life of this agreement over alleged violations of the terms of this agreement, the matter in dispute is to be submitted in writing by the individual or his representative to a duly authorized representative of the 'Company' and in the event the matter in dispute cannot be settled at this point, a hearing shall be held between representatives of the 'Company' and the 'Union' on the matter or matters in dispute and in the event no settlement can be reached at this meeting the matter or matters in dispute shall be settled as follows \* \* \* (provisions for binding arbitration follow).

\* \* \* \* \* \*

"9. It is understood and agreed to, that the Arbitration Panel as selected above shall not have the power to add to, subtract from, or modify any of the terms of this agreement and decisions rendered hereunder shall apply to interpretation or application of the terms of this agreement only.

\* \* \* \* \* \*

"Article XIV

"Strikes and Lockouts

"1. There shall be no strikes or lockouts of any kind or character during the life of this agreement."

Pertinent facts are undisputed. Controlling collective bargaining contract between company and union became effective July 23, 1960; it was in force at all material times. Until events related below, complaining employee, C. D. Broun, had been employed by defendant since 1938. He was notified in advance by company that he was over retirement age and would be retired on December

18, 1960. His employment was terminated at that time. On December 19, 1960, Broun exercised his right to petition company for reinstatement and an extension of employment subject to company approval. His petition was denied with verbal notice on December 30, 1960, and by letter of January 18, 1961. On January 3, 1961, Broun (together with another employee) filed a grievance in which they asked "to be reinstated by Jefferson Lake Sulphur Co. according to their Seniority." Grievance, submitted on form available for that purpose, also stated it was based on contract Article V styled "Promotions—Demotions—Layoffs." On several occasions during past bargaining negotiations union has mentioned retirement policy of company, but company has refused to bargain over it, and consequently it has never been made part of contract. Union has never submitted specific proposals relative to retirement policy.

Union's position is that Broun has been severed from employment in violation of his seniority rights and other provisions of collective bargaining contract. Without admitting that employee was "retired", union says that bargaining agreement does not contract "retirement" out of arbitration process; that forceful evidence of a purpose to exclude "retirement" questions from arbitration process does not exist; and that company's insistence that grievance was not filed within time allowed by contract is a question for arbiter.

Defendant declares its retirement policy is not and never has been subject to bargaining and is not and never was intended to be subject to arbitration. Company says fact that union has attempted to get it to bargain about this policy without success is showing enough that it was never meant to be arbitrable.

We have then a collective bargaining contract with a provision for arbitration of disputes over interpretation or application of its terms. We have a grievance filed by employee which alleges that company has violated that contract. Finally, we have a broad arbitration provision without exclusions. As I read the three decisions of the Supreme Court dated June 20, 1960, United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424, that is ordinarily enough to show right of plaintiff that defendant submit grievance to arbitration.

■■ My interpretation of these cases is that if contract provides for arbitration of disputes as to meaning or application of terms of agreement and either side files a grievance alleging that such a dispute exists, then the court's function is ministerial one of ordering arbitration. The court's duty arises on proof, or agreement in summary judgment, that there exists such an arbitration agreement and proof or agreement that a grievance has been filed alleging a dispute as to terms of contract. It seems to follow that any allegation of violation of terms of contract gets the same result as one alleging dispute as to terms. I question my power, as a practical matter, to consider contract further than arbitration provision and any other provision expressly made not subject to arbitrator's interpretation. I understand I am not to inquire into truth or falsity of allegation that there is a dispute but only as to existence of allegation and arbitration provision. The Supreme Court said in American Mfg. Co., supra, 363 U.S. 567–568, 80 S.Ct. 1346:

"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. * * * The processing of even frivolous claims may have therapeutic values of which those who are not

a part of the plant environment may be quite unaware."

The grievance here suggests that employee considers he has a right under contract to reinstatement according to his seniority. What seniority rights he has are not for this court, all that matters is he states or alleges he has such rights under contract and says these rights have been violated.

Some language from Warrior & Gulf, supra, made interpretation of the three cases difficult. The court said at 363 U.S. 584–585, 80 S.Ct. 1354:

"In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail * * *."

This indicates that if contract provides that retirement policy of company is not subject to arbitration and the court is convinced that grieving employee was retired, then arbitration should not be ordered. But when the court undertakes to determine whether employee was retired, then it is right in the middle of the area left for arbiter, that is, contract interpretation. The word "retired" has little meaning in the abstract. As soon as it is utilized in contract by the parties, it becomes a part of the contract. Then to interpret contract one must arrive at what parties meant when they used the word "retired"; that job is for arbitrator under present law. Where parties have not expressly contracted a given matter out of the arbitration process the Supreme Court has said in the above quotation that it takes forceful evidence of an intention to do so. As a practical matter where it is urged that parties have expressly contracted it out, it seems the court must invade the province of arbiter to arrive at the soundness of this suggestion; much more so where it is urged upon court that there is forceful evidence of a purpose to exclude the matter from arbitration. Should employee assert in his grievance that he was retired but that he had a right under contract not to be and should contract expressly provide that retirement was not arbitrable, it still seems that it would take some contract interpretation to arrive at a decision as to whether employee had a right under contract not to be retired. It might be that retirement in and of itself was not arbitrable and that the court could interpret that portion of the contract, but when employee says he had right under remainder of contract not to be retired he is bringing the whole or some other part of contract into play and the court has no power to interpret remainder of contract. If these observations come close to an assertion that as a practical matter under present law the arbiter is to decide his own jurisdiction to act (to determine whether given matter is arbitrable), it is just that circumstances under which a court could say that arbitration provision expressly provides, or there is the most forceful evidence of purpose to provide, for exclusion of grievance from arbitration would seem hard to find.

Company notes union had attempted to bargain collectively as to retirement policy of company but had abandoned attempt when told that policy was not subject to bargain. Company suggests this is forceful evidence of a purpose to exclude retirement policy from contract and grievances based on it from arbitration. I do not agree. International Tel. & Tel. Corp. v. Local 400, etc., Electrical, Radio and Machine Workers, 3 Cir., 1961, 290 F.2d 581.

Company says grievance was not filed within time allowed by contract; that is for arbiter also. International Tel. & Tel. Corp. v. Local 400, etc., 3 Cir., 1960, 286 F.2d 329, 332.

The arbitration provisions in this collective agreement are very broad. A grievance has been filed alleging that company has violated one or more of the terms of that contract. Additionally when the parties entered into contract they did not expressly contract this grievance out of arbitration procedure;

whether they knew it or not, they agreed that if they had not contracted it out they had included it unless there existed the most forceful evidence that they did not intend to include it. That evidence does not exist; parties agreed to submit this grievance to arbitration.

Defendant company must submit aforesaid grievance to arbitration. Plaintiff's motion for summary judgment will be granted. Defendant's motion for summary judgment will be denied. The clerk will notify counsel to draft and submit judgment accordingly.